IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GLOBAL TRAFFIC TECHS., LLC, | ) | |
| | ) | |
|    Plaintiff / Judgment Creditor, | ) | |
| | ) | |
| vs. | ) | Case No. 14–mc–0065–MJR–DGW |
| | ) | |
| KM ENTERPRISES, INC., and | ) | |
| RODNEY KRIS MORGAN, | ) | |
| | ) | |
|    Defendants / Judgment Debtors. | ) | |

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

Following a jury verdict in its favor, Global Traffic Technologies ("GTT") registered a judgment from the District of Minnesota in this Court, pursuant to 28 U.S.C. § 1963.  Though proceedings to enforce judgments should be "swift, cheap, [and] informal," *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993), this miscellaneous case has snowballed, and volleys of motions, responses, and replies now litter the docket.  The Court, in its last substantive order (Doc. 26) denied an attempt by KM Enterprises and Rodney Kris Morgan (collectively, "KME") to stay enforcement proceedings.  That denial was the third time a federal court declined to stay enforcement proceedings, and was accompanied by the summary denial of an obviously flawed attempt to "quash" this miscellaneous action.  Unsatisfied, KME now moves to dismiss the entire action for (what it confusingly calls) want of jurisdiction.

KME takes two swipes at this action, arguing it is barred by both (1) the Anti-Injunction Act, which forbids federal courts from granting "an injunction to stay

1

proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments," **28 U.S.C. § 2283**, and/or **(2)** the *Younger* abstention doctrine, an exception to the general rule that federal courts "must hear and decide cases within their jurisdiction," *Mulholland v. Marion Cnty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014) (explaining *Younger v. Harris*, 401 U.S. 37 (1971)).

Both arguments erroneously hinge on the existence of a stayed state court citation to discover assets as reason not to proceed in this Court.  That state court proceeding, as explained in the undersigned's January order, was brought in the Circuit Court for the Second Judicial Circuit, Jefferson County, Illinois, against banks that held KME deposits.  (*See* Doc. 33-23).  Here, in contrast, GTT served third-party citations on STC, Inc., a company that does business with KME.  As this Court already ruled: "each citation to discover assets is its own proceeding."  (Doc. 26, 3).  *See* **735 ILCS 5/2-1402(a) (each "supplementary proceeding shall be commenced by the service of a citation.").**  KME's implication that a state court's stay of one citation means that all other citations should be stayed was unconvincing in January, as is unconvincing now.

Even assuming GTT's efforts to enforce its judgment in this court were *identical to* the efforts in state court (they are not), KME has failed to offer a convincing argument not to proceed here.  Comity, equity, federalism, and wise judicial administration inform the abstention doctrines that may in some circumstances permit (or require) a federal court to stay or dismiss an action in favor of state court actions,

2

but "federal courts have a virtually unflagging obligation to exercise the jurisdiction given them." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005).   The *Younger* abstention doctrine is limited to three "exceptional" situations, none of them remotely implicated here: where federal jurisdiction would intrude into (1) ongoing state criminal proceedings, (2) certain civil enforcement proceedings (judicial or administrative) akin to criminal prosecutions, or (3) civil proceedings that implicate a state's interest in enforcing the orders and judgments of its courts.   *Mulholland v. Marion Cnty. Election Bd.*, 746 F.3d 811, 815–16 (7th Cir. 2014).   Outside those situations, *Younger* abstention is inappropriate "even where there is risk of litigating the same dispute in parallel and redundant state and federal proceedings." *Id.* at 816. And as explained (again), these proceedings are simply not parallel or redundant to the stayed state court citations.

Nor is KME's broader invocation of the Anti-Injunction Act availing.   No injunction—much less an injunction *against* state court proceedings, has issued from this Court.   KME's primary case in support of its Anti-Injunction Act position, *Resolution Trust*, focused on the appealability of certain judgment enforcement proceeding orders by analogizing those proceedings to "free-standing lawsuit[s]," and concluding that a trust on a problematic party's property was akin to an injunction. *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1224–25 (7th Cir. 1993).   But the Court of Appeals acknowledged: "while for some purposes, such as appealability, [supplementary proceedings] are fruitfully analogized to regular civil proceedings," the analogy can "become strained" in other circumstances.   *Id.* at 1226.   KME's reading of

the facts here puts such a strain on the analogy: it does not follow that *proceeding here* equates to *forbidding a proceeding* in state court. The state court's ability to resolve the judgment enforcement proceedings there are completely unhindered by GTT discovering KME's assets here.

KME's Motion to Dismiss (Doc. 33) is DENIED.

### OTHER MOTIONS

Two other motions can be summarily addressed. KME moved to seal certain documents offered in support of its (now denied) motion to dismiss. KME did not, as required by Seventh Circuit caselaw (and this Court's clear directive), offer any compelling reason for the documents to remain under seal. Neither the previous agreement of the parties nor a party's potential embarrassment suffice to keep a document from the public eye. *See Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 547 (7th Cir. 2002); *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009); *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir. 1994). *See also Baxter*, 297 F.3d at 546 ("How else are observers to know what the suit is about or assess the judges' disposition of it? Not only the legislature but also students of the judicial system are entitled to know what the heavy financial subsidy of litigation is producing."). The motion (Doc. 36) is DENIED. KME should file those documents (labelling them in easy-to-understand fashion and making clear how they fit with Doc. 36) on or before 5/22/2015.

KME has also moved to quash the citation to discover assets served on Regions Bank. The motion (Doc. 38) is DENIED. Regions has responded in discovery that it

4

holds no (non-exempt) assets of KME, but GTT is entitled to more information than that: its citation proceedings may also uncover "relevant information …regarding the existence and whereabouts of assets that might be used to satisfy the judgment." *Resolution Trust*, 994 F.2d at 1223.  *See also GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 629 (7th Cir. 2013) ("After bringing the citation action [against a third party], the **creditor is entitled to search through the third party's books, papers, and records to locate the debtor's assets and to determine the validity of the third party's claim to those assets.").**  Regions, in other words, is required by statute to "appear for examination … concerning the property or income of or indebtedness due to the judgment debtor," **Ill. Comp. Stat. S.Ct. R. 277(c)(3)**, and to produce "any books, papers, or records in [its] possession or control which have or may contain information concerning the property or income of the debtor."  **Ill. Comp. Stat. S.Ct. R. 277(c)(4).** The Court accordingly declines to quash the citation against Regions.

CONCLUSION

KME's Motion to Dismiss (**Doc. 33**) is **DENIED**; its Motion to Quash (**Doc. 38**) is **DENIED**; its Motion to File Under Seal (**Doc. 36**) is **DENIED**.

**IT IS SO ORDERED.**
**DATE:** <u>May 15, 2015</u>                         <u>s/ *Michael J. Reagan*          </u>
                                                 **MICHAEL J. REAGAN**
                                                 Chief Judge
                                                 UNITED STATES DISTRICT COURT