IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GLOBAL TRAFFIC TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| KM ENTERPRISES, INC., and RODNEY K. MORGAN, | ) ) ) | Case No. 14-mc-0065-MJR-DGW |
| Defendants-Judgment Debtors. | ) ) ) | |
| vs. | ) ) | |
| STC, INC., | ) ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

In 2013, Global Traffic won a jury trial in the United States District Court for the District of Minnesota against KM Enterprises, Inc., and Rodney Morgan, and that court subsequently entered a multi-million dollar judgment against those two defendants. To begin collecting on the judgment, Global Traffic first took a trip to Illinois state court in September 2014, filing a citation collection proceeding against judgment debtors KM Enterprises and Morgan in the Illinois Second Judicial Circuit. That case stalled quickly—the state judge stayed the case right after the citation was filed and denied Global Traffic's one attempt to lift the stay. In late 2014 and early 2015, Global Traffic expanded its effort to collect on the judgment, initiating citation proceedings against two third parties it believed might have assets belonging to KM Enterprises and

1

Morgan. Rather than go to state court on the third-party front, it filed the action in this Court. Those proceedings were also held up by a stay, this one occasioned by an interlocutory appeal filed by KM Enterprises and Morgan, but they are now back on track. The original proceeding against KM Enterprises and Morgan in state court, though, remains stayed, and to move things along as it concerns the judgment debtors Global Traffic has filed a motion for leave to serve citations to discover assets on them in this Court. KM Enterprises and Morgan oppose that effort mainly because there is already a pending identical matter in state court that has been stayed. And due to the fact that Global Traffic's motion to serve new citations was filed during the pendency of this Court's appellate stay, KM Enterprises and Morgan moved the Court to hold Global Traffic in contempt for filing a motion during the stay before first seeking to lift it. Global Traffic has responded with its own motion for sanctions related to the contempt request, and all of the motions linked to the new citations are now ripe.

      The Court will start with Global Traffic's motion for leave to serve new citations to discover assets on KM Enterprises and Morgan. Before the Court can deal with the merits of that motion, though, there's a procedural nit—namely whether KM Enterprises and Morgan should be allowed to file their response to the motion out of time. Global Traffic filed its motion to serve new citations on December 29, 2015, and rather than respond directly to that motion, KM Enterprises and Morgan filed a contempt motion instead. Their contempt motion focused mainly on the simple argument that Global Traffic violated this Court's stay, but it also touched on the merits of Global Traffic's motion for new citations, arguing that there was an active proceeding

in Illinois under Rule 277 that foreclosed a parallel case here.  A few weeks after filing their motion for contempt, KM and Morgan sought leave to file a discrete response to the motion out of time, stating that they failed to file an outright response because they thought that their contempt motion and the arguments in it would be enough.  They have since reconsidered that position and ask the Court for leave to file out of time.

Motions to file out of time are governed by Federal Rule of Civil Procedure 6(b)(1), which provides that a court may, for good cause, extend the time period for a response when the time period has expired, but only if there is excusable neglect.  Neglect exists when the failure to meet a deadline was the result of a simple, faultless omission to act, and it qualifies as excusable depending on equitable considerations, including the prejudice to the non-party, the length of the delay, the reason for the delay, and whether the movant acted in good faith.  *Zingerman v. Freeman Decorating Co.*, **99 F. App'x 70, 72 (7th Cir. 2004).**  Attorney carelessness can be excusable but complete inattentiveness to litigation cannot—missing a deadline because of slumber is usually fatal.  *Robb v. Norfolk & W. Ry. Co.*, **122 F.3d 354, 359-60 (7th Cir. 1997).**  When carelessness rather than slumber is the reason for the misstep, the district court has considerable discretion in deciding whether to allow the response out of time.  *E.g., Harrington v. City of Chicago*, **433 F.3d 542, 546 (7th Cir. 2006);** *Federal Election Com'n v. Al Salvi for Senate Comm.*, **205 F.3d 1015, 1020 (7th Cir. 2000).**

KM Enterprises and Morgan's failure to file earlier here looks more like carelessness than a complete failure to attend to their case—counsel for both parties didn't abandon the case, but instead pressed a contempt argument that she thought

3

included enough about the merits to count as a response. And her carelessness seems of the excusable variety. It was a bit silly of her to think that a motion for contempt would count as a merits response, but the fact that her belief was wrong doesn't mean that she can't get more time, especially when that reason wasn't completely threadbare and other equitable considerations swing in favor of excusing her failure to file. *See United States v. McLoughlin,* 470 F.3d 698, 700-01 (7th Cir. 2006) ("**Neglect is excusable . . . if there is a reason, which needn't be a compelling reason.**") They do here. Counsel filed the motion a short time after she was told in another case that a stand-alone response is appropriate, and the overall one month delay from her response due date to her motion to file out of time had little impact on the proceedings. More fundamentally, there doesn't seem to be any real prejudice in allowing a late response. The argument section in the proposed response is quite similar to the few merits arguments made in the contempt motion, so it's not as if those points were sprung on Global Traffic late in the game, and Global Traffic doesn't rely on any surprise to make out prejudice. Rather, Global Traffic says that it would be harmed because the response is one more piece of vexatious activity by KM Enterprises and Morgan. Its argument on that point is cursory, though, without really laying out how the merits arguments in the response are bunk. Balancing the equities here, the Court deems the failure to file excusable neglect, and thus will grant the request to file a response out of time.

With the response issue out of the way, the Court will move onto the merits of Global Traffic's request for new citations. Judgment citations proceedings in federal court are conducted in accordance with the procedures of state law—here Illinois. F<small>ED.</small>

**R. CIV. P. 69;** *Herbstein v. Bruetman***, 241 F.3d 586, 587 (7th Cir. 2001).** Global Traffic's motion deals with the requirements for starting a supplementary judgment proceeding and initiating a subsequent supplementary judgment against the same parties, and those are largely governed by Illinois Supreme Court Rule 277. That rule says that a supplementary judgment proceeding can be commenced "at any time" with respect to a judgment subject to enforcement, and the proceeding can be directed "against the judgment debtor or any third party the judgment creditor believes has property of or is indebted to the judgment debtor." **ILL. SUP. CT. R. 277(a).** The rule goes on to state that the initial supplementary proceeding can start without leave of court, but that a second proceeding against the same party can only be started through court order, and only then when certain prerequisites are satisfied. *Id.* The purpose of supplemental proceedings, whether initial or secondary, is to enable the judgment holder to discover eligible assets, so that he can ultimately attempt to secure those assets to satisfy the judgment. *Dexia Credit Local v. Rogan***, 629 F.3d 612, 622 (7th Cir. 2010).**

This is Global Traffic's second attempt to start a supplemental proceeding against KM Enterprises and Morgan, so it would seem obvious that Global Traffic needs leave of court to do so under Rule 277. Global Traffic insists that things aren't so straightforward, though—it says that the first proceeding doesn't count as its first bite at the apple because a stay was entered immediately after the case was filed, with no hearings slated, no discovery taken, and no real work done. That's a clever argument but the plain text of the rule doesn't back Global Traffic up. The rule states that the judgment proceeding starts "by the service of a citation on the party against whom it is

5

brought," **ILL. SUP. CT. R. 277(b)**, and the cases confirm that understanding. *E.g., Dexia*, 629 F.3d at 622; *Cacok v. Covington*, 111 F.3d 52, 53 (7th Cir. 1997); *In re Marriage of Pope-Clifton*, 823 N.E.2d 607, 608-09 (Ill. App. Ct. 2005). Because no one disputes that service occurred for the state proceeding, that proceeding began under Rule 277 and leave of court is now required to initiate another one against the same parties.

Anticipating that ruling, Global Traffic also says that it has satisfied the requirements for starting a new proceeding under Rule 277 despite the fact that the state proceeding remains open to this day. Global Traffic's problem is that one of the state requirements to obtain leave to file a second supplementary proceeding contemplates that the last one was closed or at the least hopeless, as it would be if the case was completely stalled or if the court with the first action couldn't grant the relief sought in the second. As relevant here, the rule says that a new supplementary proceeding can commence against a party even if there was a prior proceeding against that same party, but only if the existence of the property sought by way of the new proceeding was "not known to the creditor during the pendency of any prior supplementary proceeding." **ILL. SUP. CT. R. 277(a).** When the first proceeding is still open and there is a chance that it can provide relief, a creditor can't demonstrate, as the rule for second proceedings requires, that it won't learn about the property targeted in the new action while the old one is ongoing. Phrased the way it is, the "pendency" requirement is aimed at achieving an economy of litigation—the rule allows for a fishing expedition in the first case, and then permits subsequent proceedings to get at specific property not found or not obtainable by way of the first proceeding. *E.g.,*

6

*Regan v. Garfield Ridge Trust & Sav. Bank*, 617 N.E.2d 818, 820 (Ill. App. Ct. 1993); *Federal Loan Corp v. Harris*, 308 N.E.2d 125, 127 (Ill. App. Ct. 1974).

The Court is sympathetic to the burdens that Global Traffic has shouldered to date. The original state supplemental proceeding against the judgment debtors, KM Enterprises and Morgan, has been stalled since its inception by way of the state judge's stay, meaning that Global Traffic hasn't found out anything about KM Enterprises and Morgan's assets, at least through that case. That said, the Court is not allowed to duck the structure of Rule 277 merely because Global Traffic is unhappy with the current posture of the state case. What matters is whether Global Traffic might still discover information in the state case, and the Court is of the view that there's still a chance it can. The state logjam could end if Global Traffic moves again to lift the stay and, if that fails, the case might still move forward if Global Traffic attempts an appeal (directed at the denial of the effort to lift the stay) or even seeks mandamus. The logjam might also end in a way sufficient to allow a new proceeding if the state case was closed, by virtue of automatic termination under the six month provision in the rule or by way of a dismissal. If the first case was closed and nothing happened during it through no fault of Global Traffic, then another proceeding would likely be proper, so long as the rest of Rule 277 was satisfied. *E.g., First State Bank of Princeton v. Leffelman*, 513 N.E.2d 610, 612 (Ill. App. Ct. 1987); *Harris*, 308 N.E.2d at 127. As things stand now, though, Global Traffic hasn't shown that it has been decisively blocked from discovering information in the initial, ongoing state proceeding or that the state case is finished, meaning that it can't yet avail itself of a new proceeding under Rule 277.

That disposes of the motion for order to grant permission to serve citations, leaving only the parties' dueling motions for contempt and sanctions. When Global Traffic moved to serve the citations on KM Enterprises and Morgan, this case—thus far consisting only of third-party citations against two parties believed to hold assets belonging to KM and Morgan—was stayed. That stay grew out of KM Enterprises and Morgan's motions to dismiss and quash those third-party citations: the Court denied KM and Morgan's motions, so KM Enterprises and Morgan filed an interlocutory appeal of those rulings to the Seventh Circuit, leading the Court to stay these proceedings on jurisdictional grounds. KM and Morgan have since dismissed their appeal, but they maintain it was bad form for Global Traffic to ask the Court to grant them permission to serve new citations during the stay without first asking the Court to lift the stay. Global Traffic, for its part, says that KM and Morgan's request for contempt is itself sanction-worthy, as the contempt request was baseless.

KM Enterprises and Morgan's motion for contempt is premised largely on a violation of the Court's stay order, so if there was no violation of that order, then contempt against Global Traffic isn't proper. It's debatable whether the plain text of the order stayed everything in the case or just those matters linked to the third parties already present. The stay applies to the "matter" and the "proceedings" without any limiting language, but the stay was also labeled "jurisdictional," and jurisdictional appellate stays for interlocutory matters don't halt all parts of a case but only those related to the appeal. *See Shevlin v. Schewe*, **809 F.2d 447, 451 (7th Cir. 1987).** In light of that implicit limitation, the better reading of the order—and the Court's intent—was

8

that the case was stayed only as to the existing third-party matters, meaning that an effort to add new parties didn't violate the stay.  At the least, the stay order was equivocal in light of the jurisdictional reference, and contempt requires violation of an unequivocal command.  *Ferrell v. Pierce*, **785 F.2d 1372, 1378 (7th Cir. 1986).**  Contempt isn't proper here, so KM Enterprise and Morgan's motion will be denied.[1]

The question remains whether counsel for KM Enterprises and Morgan should be sanctioned for even asking for contempt.  Global Traffic seeks sanctions related to the contempt motion pursuant to 28 U.S.C. § 1927, which allows for an award of costs and expenses to a party for having to deal with issues presented by another that "unreasonably and vexatiously" multiplied the proceedings.  Proceedings can be "multiplied," within the meaning of the statute, by way of objectively wrongful conduct or colorable conduct done with subjective bad faith—only one of the two is needed to justify an award.  *Tate v. Ancell*, **551 F. App'x 877, 891 (7th Cir. 2014).**  The district court retains considerable discretion in deciding whether sanctions should be assessed, with some authority to decline an award even when there was a possibility of bad faith or wrongful conduct.  *E.g., Bommiasamy v. Parikh*, **633 F. App'x 351, 354 (7th Cir. 2016);** *Corley v. Rosewood Care Ctr., Inc. of Peoria*, **388 F.3d 990, 1014 (7th Cir. 2004).**

---

[1] In their underlying memorandum in support, KM Enterprises and Morgan suggest that misrepresentations made by Global Traffic also warrant contempt.  The Court has reviewed the purported misrepresentations and is of the view that they constitute only efforts to put the facts in the best light possible to Global Traffic's position, and not the kind of intentionally false statements that would warrant a contempt order.  *See Gaia Techs., Inc. v. Recycled Prods. Corp.*, **74 F.3d 1236 (5th Cir. 1995).**

Global Traffic primarily wants sanctions against KM Enterprises' lawyer because her decision to seek a contempt order was objectively wrong. That standard is met when a lawyer files a motion that any reasonably careful attorney would have viewed as unsound, but is not satisfied when the lawyer's decision looks more like "simple negligence." ***Boyer v. BNSF Railway Co.*, No. 14-3131, 2016 WL 3094541, at \*11 (7th Cir. June 1, 2016).** This case is closer to simple negligence. The contempt request here wasn't obviously bunk, primarily because this Court's interlocutory stay order was a bit ambiguous. As the Court said above, the order wasn't, by its explicit terms, limited to the third-party citations already filed, and it used some expansive language in describing the stay's scope, referring to these "proceedings" and this "matter." A reasonable (but not brilliant) lawyer could take those words to mean that the full case was stayed and that a request to lift the stay would be needed before anything more could happen. So asking for contempt wasn't an objectively unreasonable move.

Global Traffic could still obtain sanctions under § 1927 if it could show that KM Enterprises and Morgan's contempt request was made with subjective bad faith. That kind of poor form can exist when a motion, although not frivolous overall, was so full of vitriol or lacking in certain areas as to suggest a motive to harass. ***Carr v. Tillery*, 591 F.3d 909, 920 (7th Cir. 2010).** It can also exist when there is evidence showing that the lawyer who made the motion pursued a plausible argument merely to drive up costs for the other side. ***In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985).** Subjective bad faith is the tougher road to hoe when it comes to making out a sanctions request—it's by no

means easy to prove that an attorney acted improperly in the teeth of an arguable point. *Del Pozzo v. Basic Machinery Co., Inc.*, **463 F.3d 609, 614 (7th Cir. 2006).**

Global Traffic's arguments on the subjective front are a bit muddled in with its objective bad faith arguments, but the Court has reviewed the subjective points as best it can and doesn't see subjective bad faith here. Global Traffic first says that KM's counsel likely intended to harass because she brought up in her contempt motion an argument rejected once before by this Court—that the motion to file new citations against KM Enterprises and Morgan shouldn't be allowed because a state case against those same parties was still pending. It's true that this point was rejected by the undersigned as a basis for dismissing the third-party citations. But a point rejected for one reason can still be viable for another, and the fact that the state citation case against KM and Morgan is still ongoing had relevance under Illinois Supreme Court Rule 277 as it concerned efforts to bring new citations in this Court against those same parties. Mentioning that argument now doesn't prove up any intent to harass.

Global Traffic seems to offer two more reasons to suggest subjective bad faith—it criticizes KM and Morgan for not teasing out clear and convincing evidence in support of their contempt motion, and it says they made a number of misrepresentations in the contempt motion. The clear and convincing evidence argument seems an effort to put form over substance: the contempt motion was premised on a violation of a court order, so not much was needed in the way of evidence to make out the argument. As for the misrepresentation point, the Court has reviewed the purported misstatements and, as was the case for KM and Morgan's contempt request, doesn't see them as

anything more than counsel's effort to characterize the underlying circumstances in the best light. *See, e.g., Moore v. Vital Prods., Inc.*, 641 F.3d 253, 259 (7th Cir. 2011); *Schneider v. County of San Diego*, 145 F.3d 1340 (9th Cir. 1998); *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291-92 (9th Cir. 1995); *Tuf-Flex Glass v. Nat'l Labor Relations Bd.*, 715 F.2d 291, 298 (7th Cir. 1983). At the end of the day, the Court doesn't believe that KM and Morgan's conduct linked to the contempt motion shows the kind of bad faith needed for sanctions under § 1927.

Global Traffic ends by asking for a sanctions order restricting KM Enterprises and Morgan's ability to file motions in this case. The Court has the power to issue a filing restriction against a party, mainly as a part of its inherent authority to curb abusive litigation and control its docket. *Matter of Davis*, 878 F.2d 211, 212 (7th Cir. 1989). Filing restrictions must be narrowly tailored to the nature and type of abuse, but so long as they are, they aren't problematic unless they pose an absolute bar to the courthouse door. *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003). The decision to impose a restriction, like most other decisions linked to a court's docket control, is one entrusted to the district judge's discretion. *E.g., Henry v. United States*, 360 F. App'x 654, 656 (7th Cir. 2010); *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2010).

A filing restriction isn't necessary here. Global Traffic's request for a filing restriction is long on caselaw but short on analysis regarding what about this particular case justifies a ban, but the request seems premised mainly on KM Enterprises and Morgan's recent contempt request. Global Traffic says that a filing restriction is needed because the contempt motion was itself sanctionable and Global Traffic doesn't wish to

deal with further meritless contempt motions, but as the Court said above, that motion was not so improper as to warrant sanctions. Global Traffic also claims that a filing restriction is proper because KM Enterprises and Morgan sent a Rule 11 safe harbor letter as a part of its motion for contempt, but KM Enterprises and Morgan seems to have rethought filing for Rule 11 sanctions concerning Global Traffic's decision to ask for permission for new citations, and that change of heart swings against the need for a restriction. (Global Traffic doesn't ask for other sanctions explicitly linked to the letter.)

Global Traffic's last justification for a filing restriction is broader, and it presents a closer question. Global Traffic insists that KM Enterprises and its counsel have filed frivolous motions in this Court and in others, and its complaints aren't entirely off base. The docket in this case is cluttered with motions filed by KM Enterprises that were ultimately denied, and some of those motions were duplicative of old ones. Further compounding matters was KM Enterprises' decision to seek appeals of some of those orders, orders that were likely interlocutory and not properly appealable. This conduct suggests an inability on the part of KM Enterprises "to accept adverse decisions," *Homola v. McNamara*, **59 F.3d 647, 651 (7th Cir. 1995)**, and that kind of weak stomach for criticism can lead to a filing restriction. All that said, the Court isn't of the view that a restriction is needed to curb abusive filings here, at least not now. The flurry of repeat filings submitted by KM Enterprises and Morgan early in this case has abated, possibly a consequence of the Court's strong language in addressing those orders and possibly due to sanctions that counsel for KM Enterprises received in another case. Because a

restriction isn't needed to calm things down for the time being, the Court will deny Global Traffic's request to restrict KM Enterprises' submissions.

To sum up, KM Enterprises and Morgan's motion for leave to file their response (Doc. 82) is **GRANTED**. Global Traffic's request for permission to serve citations on KM Enterprises and Morgan (Doc. 70) is **DENIED**. KM Enterprises and Morgan's motion for an order to show cause why Global Traffic should be held in contempt (Doc. 72) and Global Traffic's request for sanctions (Doc. 76) are also both **DENIED**.

**IT IS SO ORDERED.**

**DATED:  July 19, 2016**

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**